**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

No. 11-10351
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAIRADE DORSEY,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-190-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges

PER CURIAM:[*]

Fairade Dorsey, who is proceeding pro se on appeal, pleaded guilty, pursuant to a plea agreement, to possessing a firearm as a felon and received a 120-month sentence, which was the statutory maximum sentence as well as the advisory guidelines sentence. He challenges his conviction and sentence.

Dorsey first contends that his guilty plea was not supported by a sufficient factual basis, arguing that it did not support that he constructively possessed the gun. Because he did not object in the district court, our review is for plain error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To establish plain error, Dorsey must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Looking at the entire record, *see United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008), we conclude that the factual basis was sufficient. Dorsey admitted that he "knowingly possessed" the gun. He also admitted that he knew that the gun was in his house and that he would have been able to access it had he asked his common-law wife where it was being stored. Moreover, the presentence report (PSR) reported that the gun was found under a sofa cushion that Dorsey was sitting on during the search of the house and that a search of the house four months later turned up a second gun under a sofa cushion as well as a third gun. This evidence supports an inference that Dorsey had knowledge of and access to the gun and thus that he constructively possessed it. *See Hildenbrand*, 527 F.3d at 475; *United States v. Mergerson*, 4 F.3d 337, 349 & n.16 (5th Cir. 1993).

Next, Dorsey raises various challenges to the validity of the search warrant and the legality of his arrest. However, these arguments fail because by pleading guilty without preserving any objections that he was subject to an illegal search or seizure, he has waived them. *See United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002).

According to Dorsey, the district court improperly failed to consider his objections to the PSR and make findings on the facts he disputed. Contrary to Dorsey's contention, he did not file timely objections to the PSR. *See* FED. R. CRIM. P. 32(f)(1). Moreover, the district court did not abuse its discretion in declining to consider objections that Dorsey raised during the sentencing hearing. *See United States v. Angeles-Mendoza*, 407 F.3d 742, 749 (5th Cir.

2005); *see* FED. R. CRIM. P. 32(i)(1)(D).  The district court explained that it would not permit him to raise the objections because if it did so, the Government and probation officer would not be able to respond, which was sufficient reason to deny the request.  *See Angeles-Mendoza*, 407 F.3d at 749 & nn. 11-12.

Next, Dorsey argues that he was denied his right to allocute before the district court imposed sentence.  However, the district court committed no error because it gave Dorsey ample opportunity to allocute, unequivocally informing him of his right to do so.  *See United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006).  The court invited Dorsey to make a statement on any issue that he wished and specifically told him that he could speak on the issue of mitigation.  After Dorsey was finished with his statement, the court asked him if there was any other statement he wished to make and he responded that there was not.

Finally, to the extent that Dorsey seeks to raise claims of ineffective assistance of counsel, the record is insufficiently developed to permit proper review of these claims and they are more appropriately raised in a postconviction motion under 28 U.S.C. § 2255.  *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.  Dorsey's motions for bail pending appeal and for review of his state conviction are DENIED.